# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36217

| | |
|---|---|
| IN THE MATTER OF DAVID T. | ) |
| -------------------------------------------------------------- | ) |
| KOOTENAI HOSPITAL DISTRICT, a quasi-municipal corporation owning and operating a hospital by the name of KOOTENAI MEDICAL CENTER, | ) ) ) ) ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| BONNER COUNTY BOARD OF COMMISSIONERS, | ) ) |
| | ) |
| Respondent. | ) ) ) |

Moscow, April 2010 Term

2010 Opinion No. 44

Filed: April 23, 2010

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. The Honorable Steven C. Verby, District Judge.

The decision of the district court is affirmed.

Paine Hamblen, LLP, Coeur d'Alene, for appellant. Michael B. Hague argued.

Bonner County Prosecuting Attorney, Sandpoint, for respondent. Scott Bauer argued.

---

J. JONES, Justice.

The Kootenai Hospital District appeals from the district court's decision affirming Bonner County's denial of David T.'s request for indigency assistance. We affirm.

## I.

On January 26, 2006, David T. suffered a heart attack and received emergency medical treatment at the Kootenai Medical Center (the Hospital), which is operated by the Kootenai Hospital District. Upon admission to the Hospital, David T. indicated that he was insured under a private first-party medical insurance policy issued by Assurant Health. On February 9, 2006, David T. submitted a $57,957.00 claim to Assurant for his care.

1

Approximately two and a half months before his heart attack, David T. had applied for and received a medical insurance policy through Assurant. On the application form, David T. specified that he had not "received any medical or surgical consultation, advice, or treatment including medication for: heart or circulatory system disorder including heart attack or chest pain; stroke; diabetes; cancer or tumor; immune system disorder including acquired immune deficiency syndrome (AIDS); alcoholism or alcohol abuse; drug abuse or chemical dependency" within five years prior to signing the application. The application specifically noted that the insurance plan would not be issued if David T. had received any of the above consultation, advice, or treatment and explicitly precluded any coverage for pre-existing conditions.

On April 25, 2006, Assurant sent David T. an Explanation of Benefits denying his claim and then formally rescinded its policy on June 2, 2006. Assurant explained that "during the course of investigating a claim for benefits, we received medical information showing that [David T.] received medical consultation, advice or treatment for alcoholism, a heart disorder and elevated glucose/developing diabetes within the 5 years prior to the date that the enrollment form was completed . . . ." Notably, Assurant found that David T. received medical treatment for his "hyperlipidemia, developing diabetes and known coronary artery disease" just seven days before completing the Assurant application. David T. did not appeal the denial of his claim or the rescission of his policy.

On July 7, 2006, David T. filed an application for indigent medical assistance with the Bonner County Board of Commissioners (the Board or the County). Title 31, chapter 35 of the Idaho Code (Medical Indigency Act, hereinafter Act) provides a statutory procedure for the reimbursement of hospitals for the care provided to indigent residents of the State of Idaho. The policy behind the Act is to encourage personal responsibility for medical care expenses and to charge counties with the duty to care for individuals that cannot meet this responsibility. *Univ. of Utah Hosp. v. Ada County Bd. of Comm'rs*, 143 Idaho 808, 810, 153 P.3d 1154, 1156 (2007). The Legislature's general intent in enacting the Act was twofold: "to provide indigents with medical care and to allow hospitals to obtain compensation for services rendered to indigents." *Id.* The relevant statutes provide the procedures that applicants for medical indigency benefits and hospitals must comply with in order to receive reimbursement. Chief among those requirements is the applicant's obligation to file a timely application. In order to file a timely application, a medically indigent person or the treating hospital must apply to the board of

county commissioners within thirty-one days from the patient's admission to the hospital. I.C. § 31-3505(2). Additionally, the patient may file a delayed application within 180 days, provided that the patient has submitted written documentation to the county indicating that the patient filed a "bona fide application" for third-party payment. I.C. § 31-3505(4)(a). The bona fide application must demonstrate that the patient actively pursued legitimate avenues of payment from a list of specified resources before coming to the county for assistance. I.C. § 31-3505(4)(a).

In this case, after the thirty-one day window had expired and within 180 days of his medical treatment, David T. filed a delayed application for indigent medical assistance. On August 2, 2006, the Board issued an initial determination of denial, rejecting David T.'s request for assistance on the grounds that: (1) he was not medically indigent under Idaho Code sections 31-3502(1) and 31-3501(17); and (2) his application was untimely because he was unable to demonstrate he had filed a "bona fide application" with an enumerated resource.

The Board's initial denial was appealed by the Hospital on August 9, 2006, and by David T. on August 25, 2006. On December 26, 2007, the Board issued its Findings of Fact and Conclusions of Law upholding its initial denial on the basis that: (1) there was insufficient information to determine whether David T. was medically indigent; (2) the application was untimely; and (3) David T. did not exhaust his insurance company appeals. The Hospital then appealed the Board's decision to the district court. Without addressing the Board's first or third conclusions, the district court upheld the Board's determination that David T. was precluded from filing a delayed application under Idaho Code section 31-3505(4) because he could not show that he filed a bona fide application with an enumerated resource before coming to the County for assistance.

The Hospital then appealed to this Court. On appeal, the Hospital argues that prior to the 1996 legislative revisions to Idaho Code section 31-3505(4), this Court in *Carpenter v. Twin Falls County*, 107 Idaho 575, 691 P.2d 1190 (1984), and its progeny held that a county must demonstrate some prejudice resulting from the filing of an untimely application for indigency assistance in order to justify the application's denial on the ground of untimeliness. The Hospital acknowledges that after the Legislature amended the Act in 1996 to mandate strict compliance with the statutory timelines, counties no longer had to demonstrate prejudice in order to deny untimely applications. However, the Hospital argues that when the Legislature again amended

3

the Act in 2003 to give counties *discretion* to pay bills on a delayed application that otherwise would not have been covered by a timely application, the Legislature implicitly revived the requirement that counties must show prejudice before denying an untimely application. The Hospital additionally contends that the Board erred by denying the application on the basis that David T. did not exhaust his insurance company appeals. The Hospital argues that any appeal of the insurance company's determination would have been frivolous and unreasonable, and thus David T. was statutorily excused under Idaho Code section 31-3505(4)(b) from exhausting the avenues of appeal. Lastly, the Hospital argues that, contrary to the findings of the Board, there is sufficient information in the record for this Court to determine that David T. was medically indigent. Therefore, the Hospital argues, the Board cannot later deny its indigency assistance application on the basis that David T. was not medically indigent.

The County, on the other hand, argues that David T. could not satisfy the requirement that he submit a bona fide application because his application for assistance was not with a statutorily enumerated resource. Additionally, the County argues that even if the application was to a proper resource, he was aware his private insurance policy excluded pre-existing conditions, and therefore, he could not have reasonably expected to meet the eligibility criteria for the resource under Idaho Code section 31-3505(4)(a)(ii). Consequently, the County argues, it does not have jurisdiction to approve the delayed application under Idaho Code section 31-3511(2). The County contends that the "discretion" language added to Idaho Code section 31-3505(4)(a)(iv) in 2003 does not give the County discretion to accept a bad faith application in the place of a bona fide application. The County agrees with the Hospital's contention that David T. was not required to exhaust the avenues of appeal because any appeal would have been frivolous and unreasonable, and uses that argument as support for its contention that David T. could not fulfill the requirement of filing a bona fide application. Finally, the County argues that, should this Court reverse the Board's ruling on the issue of the timeliness of the claim, the proper course would be to remand the case to the Board for an express finding of whether David T. was indigent. Both parties ask for attorney fees and costs on appeal.

## II.

The following two issues are presented on appeal: (1) whether the Board properly denied David T.'s delayed application for indigency assistance on the basis that he did not file a bona fide application; and (2) whether either party is entitled to attorney fees on appeal.

4

## III.

### A.

A county board of commissioners' denial of an application for medical indigency benefits is reviewed under the Idaho Administrative Procedure Act, chapter 52, title 67, Idaho Code. *Mercy Med. Ctr. v. Ada County*, 146 Idaho 226, 229, 192 P.3d 1050, 1053 (2008). When reviewing a decision of the district court acting in its appellate capacity, we directly review the district court's decision. *Rammell v. State, Dep't of Agric.*, 147 Idaho 415, 418, 210 P.3d 523, 526 (2009) (citing *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)).

The Hospital's appeal involves issues of statutory interpretation. This Court freely reviews the interpretation of a statute and its application to the facts. *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada County*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009). "If it is necessary for this Court to interpret a statute, the Court will attempt to ascertain legislative intent, and in construing a statute, may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute." *Id*. If the statutory language is unambiguous, the legislature's clearly expressed intent must be given effect, and we will not consider the rules of statutory interpretation. *Id.* Thus, the plain meaning of a statute will prevail unless the clearly expressed legislative intent is contrary to the plain meaning or unless the plain meaning leads to absurd results. *Id*. When a statute is ambiguous, the determination of the meaning of the statute and its application is a matter of law over which this Court exercises free review. *Id*.

### B.

The Board properly denied David T.'s delayed application for indigency assistance because David T. did not file a bona fide application with an enumerated resource under Idaho Code section 31-3505(4)(a). In order to file a delayed application pursuant to Idaho Code section 31-3505(4), the applicant must show that "a bona fide application or claim has been filed for *social security disability insurance, supplemental security income, third party insurance, medicaid, medicare, crime victim's compensation, and/or worker's compensation*." I.C. § 31-3505(4)(a) (emphasis added). Under the maxim *expressio unius est exclusio alterius*, because Idaho Code section 31-3505(4)(a) contains an exhaustive list of specific resources, the designation of those resources excludes all others. *See Twin Falls County v. Cities of Twin Falls and Filer*, 143 Idaho 398, 402, 146 P.3d 664, 668 (2006). The Legislature specifically

5

enumerated the resources with whom application must be made in order to constitute a bona fide application. First-party insurance is not listed.

In this case, David T. did not file an application for benefits with any of the enumerated resources, and thus cannot meet the requirements for filing a delayed application. Upon receiving medical services, David T. filed an application for *first-party insurance* through his policy with Assurant. A first-party insurance claim is not one of the enumerated resources contained within the exhaustive list in Idaho Code section 31-3505(4)(a), and consequently, the Hospital cannot show that David T. filed a bona fide application. Because David T. did not file a timely claim and because his application cannot be construed as a valid delayed application, it is unnecessary for this Court to consider the other arguments made by the parties. Accordingly, we affirm the district court's decision denying David T.'s delayed application for indigency assistance.

## C.

Both parties request attorney fees on appeal pursuant to Idaho Code section 12-117, Idaho Code section 12-121, and Idaho Appellate Rule 40, and the Hospital additionally requests attorney fees under the private attorney general doctrine. The Hospital may not recover attorney fees because it is not the prevailing party in this appeal. On the other hand, we find the Hospital's position to be without reasonable basis in fact or law and, therefore, award the County its attorney fees pursuant to Idaho Code section 12-117.

## IV.

Because David T. was ineligible to file a delayed application for county assistance, we affirm the district court's decision affirming the Board's denial of his application. The County is awarded its attorney fees and costs on appeal.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON CONCUR.

6