# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38022

|  |  |  |
|---|---|---|
| VERMONT TROTTER, | ) | |
| | ) | Moscow, September 2011 Term |
| Plaintiff-Appellant, | ) | |
| | ) | 2012 Opinion No. 57 |
| v. | ) | |
| | ) | Filed: March 23, 2012 |
| BANK OF NEW YORK MELLON, f/k/a | ) | |
| BANK OF NEW YORK AS TRUSTEES | ) | Stephen Kenyon, Clerk |
| FOR THE CERTIFICATE HOLDERS OF | ) | |
| CWALT, INC., ALTERNATIVE LOAN | ) | |
| TRUST 2005-28CB MORTGAGE PASS- | ) | SUBSTITUTE OPINION, THE |
| THROUGH CERTIFICATES 2005-28CB; | ) | COURT'S PRIOR OPINION |
| MORTGAGE ELECTRONIC | ) | DATED JANUARY 25, 2012 IS |
| REGISTRATON SYSTEMS, INC.; | ) | HEREBY WITHDRAWN. |
| RECONTRUST COMPANY, N.A., | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

The district court's orders granting the motion to dismiss and denying the motion to compel are affirmed.

Vermont R. Trotter, Coeur d'Alene, pro se appellant.

Routh Crabtree Olsen, P.S., Bellevue, Washington and Fulbright & Jaworski, LLP, Minneapolis, Minnesota for respondents. Joshua Schaer argued for Bank of New York Mellon and ReconTrust Company. Robert J. Pratte argued for Mortgage Electronic Registration Systems, Inc.

_____

HORTON, Justice

Vermont Trotter (Trotter) is a homeowner in default on his home loan. ReconTrust, the trustee appointed by the beneficiary of the deed of trust, notified Trotter of the default and initiated a nonjudicial foreclosure on the deed of trust pursuant to I.C. § 45-1505. Upon receiving notice of the trustee's sale, Trotter sued ReconTrust, Mortgage Electronic Registration Systems, Inc. (MERS), and Bank of New York Mellon. Trotter's complaint alleged that none of the

1

defendants[1] had standing to initiate a foreclosure under I.C. § 45-1505. Bank of New York filed a motion to dismiss for failure to state a claim pursuant to I.R.C.P. 12(b)(6) on the grounds that it had complied with all statutory requirements to foreclose and that standing is not a requirement of nonjudicial foreclosures under I.C. § 45-1505. The district court granted the motion.

On appeal, Trotter argues that before any party may initiate a nonjudicial foreclosure under I.C. § 45-1505, it must affirmatively demonstrate its standing to foreclose by proving it has an interest in both the deed of trust and the promissory note it secures. Additionally, Trotter asserts that MERS was never the true beneficiary of the deed of trust and therefore lacked the authority to assign it to Bank of New York. Consequently, he argues, Bank of New York's appointment of ReconTrust as successor trustee was invalid, and neither ReconTrust nor Bank of New York has standing to foreclose. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June of 2005, Vermont Trotter executed a Note and a Deed of Trust in which MERS was the named beneficiary as nominee for the lender, Countrywide Home Loans, Inc. The deed of trust was recorded on June 24, 2005. The deed of trust encumbers real property located at 512 South 14th Street in Coeur d'Alene. This is Trotter's primary personal residence.

According to the district court, MERS executed a Corporation Assignment of Deed of Trust that was recorded in Kootenai County on August 24, 2009. The effect of this assignment was to name Bank of New York Mellon as the beneficiary under the deed of trust. Bank of New York Mellon then recorded an Appointment of Successor Trustee naming ReconTrust as the successor trustee. The same day, ReconTrust also recorded a Notice of Default. ReconTrust executed a Notice of Trustee's Sale on or about September 2, 2009, which set the date of the trustee's sale as January 11, 2010. Trotter acknowledged receipt of the Appointment of Successor Trustee, Notice of Default, and Notice of Trustee's Sale.

Prior to the scheduled trustee's sale, Trotter filed a complaint requesting declaratory and injunctive relief, asserting that Bank of New York may not foreclose until it demonstrates it has legal standing to do so and alleging that he has not been provided with any document showing how Bank of New York became the beneficiary on the deed of trust or whether it owns his loan. Additionally, Trotter alleged in the complaint that his loan was placed in a loan trust that may

---

[1] The term "Bank of New York" is used to describe the defendants as a group, except where the context indicates it is being used to refer only to Bank of New York Mellon in its individual capacity.

have been insured against borrower default. He contends that if the trust received payment on an insurance policy, there may not be a default that would permit foreclosure. The district court issued a temporary restraining order (TRO), which cancelled the sale scheduled for January 11, 2010, and enjoined any sale of the property through January 22, 2010. The district court issued a second TRO on February 5, 2010, cancelling the rescheduled trustee's sale and ordering Bank of New York not to reschedule the sale without further order of the court.

Bank of New York then filed a 12(b)(6) motion to dismiss. Trotter opposed the motion and moved the court for an order to compel Bank of New York to fully comply with his discovery requests. The district court denied Trotter's motion to compel and granted the motion to dismiss. The court found that MERS was the beneficiary under the deed of trust and that MERS had properly assigned its rights as beneficiary to Bank of New York, pursuant to I.C. § 45-1502(1). The court thus found Bank of New York's appointment of ReconTrust as successor trustee valid under I.C. § 45-1504(2) and therefore, as a matter of law, that ReconTrust was vested with the powers of the original trustee. The court denied Trotter's motion to compel as moot and vacated the restraining orders. Final judgment was entered for Bank of New York, and Trotter timely appealed. Trotter was represented by counsel in the district court, but on appeal, he has proceeded pro se. Trotter requests a declaratory judgment that Bank of New York and ReconTrust lack standing to foreclose. Both parties request attorney fees.

## II. STANDARD OF REVIEW

Appeals from an order of summary judgment[2] are reviewed *de novo,* "and this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 394, 224 P.3d 458, 461 (2008) (citations omitted). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Under this standard, "disputed facts are construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are drawn in favor of the non-moving party." *Curlee*, 148 Idaho at 394, 224 P.3d at 461. Where "the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this

---

[2] Bank of New York filed a 12(b)(6) motion, but also asked the district court to take judicial notice of several exhibits attached to the motion. Therefore, the district court correctly treated the 12(b)(6) motion as a motion for summary judgment.

Court exercises free review." *Lockheed Martin Corp. v. Idaho State Tax Comm'n,* 142 Idaho 790, 793, 134 P.3d 641, 644 (2006). However, the adverse party "may not rest upon the mere allegations or denials" in the pleadings, but "must set forth specific facts showing there is a genuine issue for trial." I.R.C.P. 56(e). Therefore, when this Court reviews an order granting summary judgment, "conclusory assertions unsupported by specific facts are insufficient to raise a genuine issue of material fact precluding summary judgment." *Mareci v. Coeur D'Alene School Dist. No. 271*, 150 Idaho 740, 744, 250 P.3d 791, 795 (2011) (citing *Goodman v. Lothrop*, 143 Idaho 622, 627, 151 P.3d 818, 823 (2007)).

This Court exercises "free review over interpreting a statute's meaning and applying the facts to the law." *VFP VC v. Dakota Co.*, 141 Idaho 326, 331, 109 P.3d 714, 719 (2005). "Pro se litigants are held to the same standards and rules as those represented by an attorney." *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

### III. ANALYSIS

**A. The district court properly granted Bank of New York's motion to dismiss.**

The district court granted Bank of New York's motion to dismiss after it considered the statutory requirements for a nonjudicial foreclosure set out in I.C. §§ 45-1502 through -1515 (the Idaho Deed of Trust Act or the Act). Trotter claims that the district court examined the wrong issue in this case. His contention is that a party must have "standing" to initiate a non-judicial foreclosure. Trotter's arguments related to this issue can be summarized as: 1) in order to initiate a non-judicial foreclosure on a deed of trust, the foreclosing party must first prove that it has "standing" to initiate foreclosure under the statute; and 2) MERS, despite being named as the beneficiary on the deed of trust, had no authority to assign its interest in the deed of trust to Bank of New York because it is only a "nominal" beneficiary. Thus, Trotter's argument is not that the procedural requirements under the Deed of Trust Act were not satisfied, but that before a party may make use of those procedures, it must demonstrate its right to use them. Trotter also references the allegation in his complaint that the sale of his promissory note to a "securitized loan trust" may have "liquidated" his loan obligation and thus eliminated the possibility of default on his part. We review only the first argument because the others are not supported by argument or authority and are therefore waived.

4

<u>1. A trustee is not required to prove it has standing before foreclosing on a deed of trust.</u>

Trotter argues that before a party may foreclose under the Act, it must establish its standing to foreclose by proving that it is the current owner of the note and mortgage. At oral argument before this Court, Trotter also suggested that a trustee may not initiate nonjudicial foreclosure proceedings under the Act unless it has authorization from the beneficiary. We disagree. While it is true that a party must have standing before it may invoke the jurisdiction of a court, the foreclosure process in the Act is not a judicial proceeding. *Fed. Home Loan Mortg. Corp. v. Appel*, 143 Idaho 42, 46 n.1, 137 P.3d 429, 433 n.1 (2006). Instead, "[t]he procedures to foreclose on trust deeds outside of the judicial process provide the express-lane alternative to foreclosure in the judicial system and strip borrowers of protections embedded in a judicial foreclosure." *Id.* Thus, as an "alternative" that is "outside the judicial process," the Act sets forth all of the requirements to foreclose on a deed of trust.

This Court interprets statutes "according to their plain and express meaning, and when they are unambiguous this Court gives effect to the legislature's clearly expressed intent." *Kootenai Hosp. Dist. v. Bonner Cnty. Bd. of Comm'rs*, 149 Idaho 290, 293, 233 P.3d 1212, 1215 (2010). Trotter asks the Court to find a standing requirement in the Act, without providing a textual basis or citing to controlling precedent.[3] However, nothing in the text of the statute can reasonably be read to require the trustee to prove it has "standing" before foreclosing. Instead, the plain language of the statute makes it clear that the trustee may foreclose on a deed of trust if it complies with the requirements contained within the Act.

The Act states that "a deed of trust executed in conformity with this act may be foreclosed by advertisement and sale" in accord with the procedures it describes. I.C. § 45-1503(1). Those procedures are set forth in I.C. § 45-1505, which states that "the trustee may foreclose a trust deed by advertisement and sale" if four requirements are met:

> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in mortgage records in the counties in which the property described in the deed is situated; and
> (2) There is a default by the grantor or other person owing an obligation the performance of which is secured by the trust deed or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and

---

[3] Trotter cites no controlling cases regarding I.C. §§ 45-1503, -1505, or -1506. The only Idaho cases cited are *In re Wilhelm*, 407 B.R. 392 (Bankr. D. Idaho 2009) and *In re Sheridan*, No. 08-20381-TLM, 2009 WL 631355 (Bankr. D. Idaho Mar. 12, 2009), federal bankruptcy cases that are inapplicable in the context of nonjudicial foreclosure.

(3) The trustee or beneficiary shall have (a) filed for record in the office of the recorder in each county wherein the trust property, or some part or parcel, is situated, a notice of default identifying the deed of trust by stating the name or names of the trustor or trustors and giving the book and page where the same is recorded, or a description of the trust property, and containing a statement that a breach of the obligation for which the transfer in trust is security has occurred, and setting forth the nature of such breach and his election to sell or cause to be sold such property to satisfy such obligation . . .

(4) No action, suit or proceeding has been instituted to recover the debt then remaining secured by the trust deed, or any part thereof, or if such action or proceeding has been instituted, the action or proceeding has been dismissed.

I.C. § 45-1505. Additionally, once the notice of default has been recorded, the trustee must give formal notice of the trustee's sale to parties specified in the statute. *See* I.C. § 45-1506. These are the only requirements that precede foreclosure. We hold that, pursuant to I.C. § 45-1505, a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note or demonstrating that the deed of trust beneficiary has requested or authorized the trustee to initiate those proceedings.

The record confirms that the Appointment of Successor Trustee, Notice of Default, and Notice of Trustee's Sale complied with the statutory requirements and were recorded as specified in the statute, and the district court found that the defendants met the requirements of I.C. §§ 45-1505 and 45-1506. Because there is no statutory requirement for the trustee to prove standing before initiating a nonjudicial foreclosure on a deed of trust, we affirm the district court's order dismissing Trotter's claims.

2. The Court declines to review the remainder of Trotter's arguments.

Trotter's arguments that (a) MERS had no authority to assign the deed of trust to Bank of New York, and (b) his loan obligation may have been satisfied by an insurance policy, thereby precluding foreclosure, are not supported with relevant legal authority.

The Idaho Appellate Rules require an appellant to support its contentions "with citations to the authorities, statutes and parts of the transcript and the record relied upon." I.A.R. 35(a)(6). Thus, it is "well settled" that an issue on appeal will not be considered if it is "not supported by propositions of law, authority, or argument." *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 376, 973 P.2d 142, 147 (1999) (quoting *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996)). Even where an issue is "explicitly set forth in the party's brief" as one of the bases for appeal, if it is "only mentioned in passing and not supported by any cogent argument or

authority, it cannot be considered by this Court." *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 382-83, 234 P.3d 699, 706-07 (2010) (citing *Inama v. Boise Cnty. ex rel. Bd. of Comm'rs,* 138 Idaho 324, 330, 63 P.3d 450, 456 (2003)).

Trotter has not provided any controlling precedent to support his assertion that MERS, as the lender's nominee, could not assign its interest in the deed of trust. Rather, his argument relies on two memorandum decisions from the U.S. Bankruptcy Court for the District of Idaho that are inapplicable here. Those cases are related to standing in bankruptcy proceedings and whether MERS met the statutory, constitutional, and prudential requirements to bring a motion in bankruptcy court. *See Sheridan*, 2009 WL 631355, at *4; *Wilhelm*, 407 B.R. at 398. Neither case supports Trotter's assertion that under Idaho law, MERS could not assign its interest in the deed of trust.

In addition to the lack of cited legal authority, Trotter does not point to any language in the deed of trust itself that would support his argument that MERS is not the beneficiary. The record on appeal does not include the deed of trust, and therefore it cannot be considered on appeal. *Chisholm v. Idaho Dep't of Water Res.*, 142 Idaho 159, 162, 125 P.3d 515, 518 (2005). However, the district court found that MERS was the beneficiary named in the deed of trust. Because it is the appellant's burden to produce a record demonstrating error, if "a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the trial court." *State v. Willoughby*, 147 Idaho 482, 488, 211 P.3d 91, 97 (2009) (citations omitted). We therefore presume that the deed of trust supports the district court's finding that MERS could assign its interest to Bank of New York. Because Trotter has not presented any argument or authority supporting his claim that MERS had no authority to assign the deed of trust, he has waived the issue.

Trotter also mentions in his initial brief that summary judgment was not appropriate because his loan obligation may have been satisfied by insurance payments after it was securitized and placed in a mortgage loan trust. In support of this assertion of error, Trotter cites no legal authority, but instead refers the Court to the allegations in his original complaint. This is insufficient to satisfy I.A.R. 35(a)(6). Because he mentions this argument only in passing and without supporting argument or authority, the argument is waived and we decline to consider it.

**B.  The issue of whether to compel further discovery is moot.**

An issue is moot when "it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.,* 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). The district court dismissed Trotter's case with prejudice. Because we affirm the district court's dismissal, the motion to compel presents no controversy in which the district could grant relief. Therefore, the issue is moot.

**C.  Neither party is entitled to an award of attorney fees.**

Under I.C. § 12-121, the prevailing party may be awarded attorney fees "when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Karlson v. Harris,* 140 Idaho 561, 571, 97 P.3d 428, 438 (2004); I.R.C.P 54(e)(1). Here, Trotter did not prevail and is therefore not entitled to an award of attorney fees. Although Bank of New York is the prevailing party, we conclude that Trotter has presented argument on an issue of first impression. Accordingly, we decline to award Bank of New York attorney fees on appeal. *Taylor v. AIA Services Corp.*, 151 Idaho 552, ___, 261 P.3d 829, 851 (2011) (citing *Campbell v. Kildew,* 141 Idaho 640, 651, 115 P.3d 731, 742 (2005)).

## IV. CONCLUSION

We affirm the district court's orders granting Bank of New York's motion to dismiss and denying Trotter's motion to compel. Costs, but not attorney fees, to Bank of New York.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.

8