IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39604

| | | |
|---|---|---|
| WILLIAM GRAY, | ) | 2012 Unpublished Opinion No. 722 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 15, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KRISTI LYNCH and TEREMA CARLIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondents. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Michael J. Griffin, District Judge.

Order summarily dismissing petition for writ of habeas corpus, <u>affirmed</u>.

William Gray, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondents.

_____

GRATTON, Chief Judge

William Gray appeals from the summary dismissal of his petition for writ of habeas corpus relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Gray is an inmate incarcerated in the Idaho Correctional Institution-Orofino in protective custody. Gray was issued a disciplinary offense report (DOR) for the theft of a sack of commissary. He was placed in a segregation cell pending the investigation and hearing of the DOR. While waiting for his hearing, inmates housed in the cell immediately above Gray allegedly poured excrement through the vents and into his cell. Gray notified prison staff of the situation, and the staff moved Gray to a different cell once space became available. At the disciplinary hearing for the DOR, Gray's theft charge was confirmed and he was given seven days of detention and ordered to pay restitution. At some point during this process, Gray

allegedly went a period of time without toilet paper. He claims to have developed constipation and was treated with magnesium citrate.

Gray filed a petition for writ of habeas corpus relief with the district court. In his petition, he claimed that his constitutional rights and protections were violated in his disciplinary proceeding. Further, he alleged several issues regarding the conditions of his confinement. The district court summarily dismissed the petition upon motion by the State. Gray timely appeals.

## II.

## ANALYSIS

Gray claims that the conditions of his confinement violated his due process rights. The writ of habeas corpus is a constitutionally-mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robinson*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. § 19-4203(2)(a)-(e). Habeas corpus may not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application without an evidentiary hearing will be upheld. *Brennan*, 122

2

Idaho at 917, 841 P.2d at 447. When a court considers matters outside the pleadings on an I.R.C.P. 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990).

Gray claims that he was deprived of due process as a result of his confinement. To determine whether an individual's due process rights under the Fourteenth Amendment to the United States Constitution have been violated, a court must undertake a two-step analysis. It must first determine whether the individual's threatened interest is a liberty or property interest under the Fourteenth Amendment. *Schevers v. State*, 129 Idaho 573, 575, 930 P.2d 603, 605 (1996); *Smith v. Meridian Joint School Dist. No. 2*, 128 Idaho 714, 722, 918 P.2d 583, 591 (1996). Only if the court finds a liberty or property interest will it proceed to the next step, in which it determines the extent of due process procedural protections. *Smith*, 128 Idaho at 722, 918 P.2d at 591. The United States Supreme Court held that any liberty interest that is protected is generally limited to an interest in freedom from restraint which imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In other words, courts look at whether the restrictions constitute a dramatic departure from the basic conditions of prison life. *Id.* at 484-85. The Idaho Supreme Court adopted the "atypical and significant hardship" test in *Schevers*, holding that this test is applicable to claims arising under the Idaho Constitution's Due Process Clause. *Schevers*, 129 Idaho at 575-78, 930 P.2d at 605-08.

In this instance, Gray alleges that the conditions of his confinement constituted an atypical and significant hardship sufficient to raise a protected liberty interest. Specifically, Gray contends that: (1) he was placed in an unsanitary cell containing fecal matter; (2) he was forced to hold his bowel movements because he was not provided with toilet paper; and (3) his conditions in segregation and protective custody differed.[1] As to Gray's first contention, he

---

[1] There are several additional issues raised by Gray that we do not address. Gray raised several issues in the district court that he does not raise on appeal. These issues regard his disciplinary hearing proceedings. Specifically, Gray claimed that the hearing officer was prejudiced, that his staff advisor was ineffective, and that he was not given an adequate number of witness statement forms. The district court found that Gray's constitutional rights and protections were not violated in his disciplinary hearing. Gray does not raise these claims in his initial brief to this Court. Nonetheless, the State argues against these claims in its brief, and Gray mentions the claims in passing in his reply brief. If an issue is "mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Trotter v.*

asserts that he was left for days in an unsanitary cell that left him exposed to excrement. Further, he alleges that he was given no cleaning supplies, no gloves, and no plastic bags to clean his cell. He claims that his confinement in an unsanitary cell is akin to cruel and unusual punishment and, therefore, constitutes an atypical and significant hardship. We determine that the district court did not abuse its discretion in summarily dismissing this claim. The district court found that following the alleged theft of the sack of commissary, Gray was placed in the only available cell. After being notified of the conditions of his cell, prison staff moved Gray to a different cell as soon as one became available. The district court further found that Gray was provided with cleaning supplies "in conformance with the policy of the institution similar to those supplies provided to the general population." Additionally, a member of the prison staff swore in an affidavit that cleaning supplies were delivered to the unit each week, and an inmate janitor maintained and refilled the supplies. Further, additional supplies were available upon request. Therefore, the district court properly exercised its reasoning in finding that Gray's confinement was not an atypical and significant hardship "when compared to the conditions of confinement in the general prison population."

As to Gray's second contention, he asserts that the lack of toilet paper caused him extreme constipation and required him to obtain medical assistance. He claims that the creation of a medical problem constitutes an atypical and significant hardship, thus violating due process.

---

*Bank of New York Mellon*, 152 Idaho 842, 848, 275 P.3d 857, 863 (2012) (citing *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 382-83, 234 P.3d 699, 706-07 (2010)). Since Gray only mentions these claims in passing in response to the State, and such claims are not supported with argument or authority, we will not address them. Gray raises two issues to this Court that he did not raise below. First, Gray claims that his punishment requiring him to pay restitution is improper because he had a heightened due process right when his property was at stake. Gray did not raise this issue below. Second, Gray asserts that his disciplinary detention was excessive because he spent sixty-five days in segregation. Gray did not raise this issue in his initial petition, but the issue was mentioned in passing in Gray's response to the State's motion for summary judgment. Accordingly, the district court did not provide a ruling regarding Gray's restitution claim or his length of segregation claim. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, we will not address these issues. Gray requested that the disciplinary hearing finding him guilty of theft be expunged from his record. The district court refused to address the merits of the disciplinary case and refused to second guess the findings of the hearing officer. We will also not address this issue in this habeas corpus matter.

4

He also claims that inmates in segregation receive one roll of toilet paper each week, whereas the general population receives two rolls each week. The district court found that Gray was provided with toilet paper in conformance with policy, and that he "could have obtained additional supplies of toilet paper upon request." We agree. The record demonstrates that two rolls of toilet paper were provided to each inmate, and an inmate can request additional toilet paper in exchange for the cardboard core of a used toilet paper roll. Further, the lack of toilet paper is not an atypical and significant hardship sufficient to invoke a liberty interest. Therefore, the district court did not abuse its discretion in summarily dismissing this claim.

As to Gray's third contention, he asserts that conditions in segregation are different than conditions in protective custody. The district court divided this general claim into seven different assertions. These assertions are: (1) he had an unclean cell; (2) he had a lack of cleaning supplies; (3) he had an insufficient amount of toilet paper; (4) he had a lack of soap in his cell; (5) he had unclean clothes supplied to him; (6) he had no religious advisor available to him; and (7) he was required to wear pink clothing. The district court found that Gray had not exhausted his administrative remedies with respect to his complaints regarding the unclean clothes, the religious advisor, and wearing pink clothing. Idaho Code § 19-4206 requires habeas corpus petitioners to exhaust administrative remedies in order to avoid dismissal. Accordingly, the district court did not address those claims. We will not address the issues for which administrative remedies were not exhausted. The remaining issues are addressed above. Gray is not entitled to relief regarding alleged differences between segregation and protective custody conditions.

### III.
### CONCLUSION

The district court did not abuse its discretion in summarily dismissing Gray's petition for writ of habeas corpus relief. Thus, we affirm the summary dismissal of Gray's habeas corpus petition.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

5