**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46485**

| | |
|---|---|
| LARRY ALAN TAYLOR, | ) |
| | ) Filed: October 30, 2019 |
| Plaintiff-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| EILEEN TAYLOR and KIMBERLY | ) OPINION AND SHALL NOT |
| NAGAL, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendants-Respondents. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment dismissing complaint, affirmed.

Larry Alan Taylor, Boise, pro se appellant.

Jonathon Frantz, Post Falls, for respondents.

LORELLO, Judge

Larry Alan Taylor appeals from a judgment dismissing his complaint alleging claims for breach of contract. Eileen Taylor filed a motion to dismiss the complaint. The district court entered an order granting the motion to dismiss on behalf of both Eileen Taylor and Kimberly Nagal (Respondents). Taylor appeals. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Taylor filed a complaint on December 8, 2017, in Ada County. Although not entirely clear, the complaint appears to allege breach of oral contract claims based on events that occurred in 2007. Taylor's complaint further alleges that "he wanted to file this action at an earlier time, and had contacted" an attorney in approximately 2009. Respondent filed a motion

1

to change venue to Kootenai County, where she resided, and to dismiss the complaint.[1] The Ada County district court granted the motion to change venue. Thereafter, the Kootenai County district court considered the motion to dismiss. The motion alleged that Taylor's complaint was a continuation of repeated harassment of both Respondents and that the complaint failed to state a claim upon which relief could be granted because the statute of limitation had expired on Taylor's claims. The district court granted the motion to dismiss Taylor's complaint. Taylor appeals.

## II.

## STANDARD OF REVIEW

As an appellate court, we will affirm a trial court's grant of an I.R.C.P. 12(b)(6) motion to dismiss where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Taylor v. Maile*, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005).

## III.

## ANALYSIS

Taylor presents two issues on appeal. First, Taylor requests that this Court "review and give an opinion" on the order changing venue from Ada County to Kootenai County. Second, Taylor argues that the district court erred in dismissing his complaint. Specifically, Taylor argues that the district court erred in concluding his claims were barred by the applicable statute of limitation. Respondents argue that the district court properly transferred venue to Kootenai County because they reside there and that the district court correctly concluded Taylor's claims

---

[1] The motion also sought to strike portions of the complaint under I.R.C.P. 12(f) and to have Taylor declared a vexatious litigant under I.C.A.R. 59. Those requests are not at issue in this appeal.

are time-barred. We conclude that Taylor has failed to show that the district court erred in changing venue or in dismissing the complaint.[2]

## A. Venue

Taylor contends that transferring venue from Ada County, where he is currently incarcerated, to Kootenai County violated Article I, § 1 of the Idaho Constitution by depriving him of any opportunity to personally appear in the proceedings. Additionally, Taylor makes a vague assertion that transferring the case to Kootenai County could have had a "negative impact" on his claims because that was the county where the criminal matters involving Taylor and Respondents were adjudicated. Respondents argue that the district court correctly granted a change of venue to Kootenai County because Respondents reside there.

Appellants must support their arguments with citations to the authorities, statutes, and parts of the transcript and record relied upon. I.A.R. 35(a)(6); *Trotter v. Bank of New York Mellon*, 152 Idaho 842, 847-48, 275 P.3d 857, 862-63 (2012). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Thus, appellate courts will not consider issues unsupported by relevant authority. *See Trotter*, 152 Idaho at 848, 275 P.3d at 863; *Woods v. Sanders*, 150 Idaho 53, 60, 244 P.3d 197, 204 (2010).

Taylor has not cited any controlling precedent supporting his argument that the venue change to Kootenai County violated his constitutional rights. Taylor's argument relies on an early Idaho criminal case, *State v. Arregui*, 44 Idaho 43, 254 P. 788 (1927). *Arregui* decided the admissibility of evidence obtained under an invalid warrant. The case does not support an argument that a venue change in a civil case can violate a party's constitutional rights. Because Taylor's contention that the district court erred in granting a change of venue is unsupported by relevant legal authority, he has waived the issue. Moreover, the order granting the change of venue is not included in the record on appeal. It is the responsibility of the appellant to provide a

---

[2]  In addition to his opening and reply briefs, Taylor has submitted various attachments and an affidavit. An appellate court cannot consider materials that are not part of or contained in the record on appeal. *Chisholm v. Idaho Dep't of Water Res.*, 142 Idaho 159, 162, 125 P.3d 515, 518 (2005). Because Taylor never moved to augment the record with any of the documents attached to his briefs or with his affidavit, they will not be considered.

sufficient record to substantiate his or her claims on appeal. *Powell*, 130 Idaho at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

**B.      Statute of Limitation**

Taylor contends that the district court erred in dismissing his complaint, arguing his claims are not time-barred. Alternatively, even if his complaint is untimely, Taylor argues that equitable principles should exempt his claims from the statute of limitation. Respondents argue that the district court correctly dismissed the complaint because all of Taylor's claims are time-barred.

An action upon a contract, obligation, or liability not founded upon an instrument of writing shall be commenced within four years. I.C. § 5-217. The statute of limitation does not begin to run until a claim accrues upon the breach of contract. *Spence v. Howell*, 126 Idaho 763, 770, 890 P.2d 714, 721 (1995). In support of its conclusion that Taylor's claims are time-barred, the district court found that Taylor's complaint, which was filed in 2017, alleged breach of oral contract claims based on events that occurred in 2007. The district court also found that Taylor had sought counsel in 2009 to bring these claims. Because Taylor alleged no claims based upon events occurring after 2007 and raised no arguments that the statute of limitation was tolled, the district court concluded that the statute of limitation for Taylor's claims expired no later than December 31, 2011. Consequently, the district court dismissed Taylor's complaint because, "viewing all facts and inferences from the pleadings in favor of" Taylor, he could "prove no set of facts in support of his claim that would entitle him to relief."

Taylor has not cited any controlling legal precedent to support the arguments presented in his opening brief that the district court erred in dismissing his complaint. Taylor's arguments allude to Article V, § 20 of the Idaho Constitution and three court cases. The constitutional provision Taylor cites establishes the jurisdiction of Idaho's district courts and is irrelevant to the application of a statute of limitation. The three court cases Taylor cites are also irrelevant to the application of a statute of limitation. *Hovey v. Elliott*, 167 U.S. 409 (1897) is a United States Supreme Court case relating to a court's authority to punish contempt. *Balla v. Idaho State Bd. of Corr.*, 595 F. Supp. 1558 (D. Idaho 1984) is a federal case relating to constitutionally deficient

4

prison conditions. The third case Taylor cites is *Arregui*, the same Idaho criminal case cited in relation to Taylor's challenge to the district court's venue change order.

In his reply brief, Taylor presents additional arguments accompanied by citations to authority which appear to relate to his assertion that he was entitled to tolling of the statute of limitation. Generally, this Court will not consider arguments raised for the first time in a reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Moreover, there is nothing in the record to indicate Taylor's tolling arguments were considered by the district court. Generally, issues may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, this Court will not presume error. *See Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In sum, Taylor has failed to cite any legal basis to support his argument that the district court erred in dismissing his complaint as barred by the statute of limitation.

**IV.**

**CONCLUSION**

Taylor has failed to show that the district court erred in changing venue to Kootenai County or in dismissing his complaint. Therefore, the judgment in favor of Respondents is affirmed. Costs are awarded on appeal to Respondents as the prevailing party.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.