IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48030

| | |
|---|---|
| RICHARD ALAN WILSON, | ) |
| | ) Filed: November 16, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Judgment denying petition for post-conviction relief, affirmed.

Richard Alan Wilson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Richard Alan Wilson appeals from the judgment denying his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Wilson guilty of two counts of aiding and abetting trafficking in methamphetamine. Wilson appealed and the Idaho Supreme Court affirmed Wilson's judgment of conviction on both counts. *State v. Wilson*, 165 Idaho 64, 438 P.3d 302 (2019).

Wilson subsequently filed a pro se petition for post-conviction relief. With the aid of appointed counsel, Wilson filed an amended petition, alleging that his trial counsel was ineffective by failing to move to suppress evidence obtained during an unlawfully prolonged traffic stop. Following an evidentiary hearing, the district court denied post-conviction relief, holding that Wilson's proposed motion to suppress would have been denied because the traffic stop was

1

supported by reasonable suspicion of multiple offenses and probable cause that Wilson had aided and abetted methamphetamine trafficking. Wilson appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Wilson argues that the district court erred by denying his petition for post-conviction relief after an evidentiary hearing. Specifically, Wilson argues that he was entitled to post-conviction relief on his claim that his trial counsel was ineffective for failing to file a motion to suppress the evidence obtained during an allegedly unlawful traffic stop that occurred shortly after the second drug transaction he was charged with aiding and abetting. Wilson further argues that the district court "relied upon false information" and "evidence that was gained as part of the traffic stop" to deny relief on this claim.[1] The State responds that the district court properly denied relief on

---

[1] Wilson contends that, as an inmate litigating his appeal pro se, he should be held to "the '[l]ess stringent standards' as were articulated in" *Hainse v. Kerner*, 404 U.S. 519, 520 (1972). Although pro se complaints filed by inmates in federal court are held to "less stringent standards" under *federal* procedure and rules, those standards do not apply to the procedures established in the Idaho Appellate Rules. When reviewing pro se actions for post-conviction relief, this Court holds pro se litigants to the same standards as those litigants represented by counsel. *See, e.g.*, *Trotter v. Bank of N.Y. Mellon*, 152 Idaho 842, 846, 275 P. 3d 857, 861 (2012); *Michalk v. Michalk*,

Wilson's amended petition because Wilson's proposed suppression motion would have been unsuccessful. The State also asserts that Wilson has failed to show that the district court's factual findings are clearly erroneous. We hold that Wilson has failed to establish the district court erred in denying post-conviction relief.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

---

148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they appear pro se and may not be aware of the applicable rules. *Michalk*, 148 Idaho at 229, 220 P.3d at 585.

After an evidentiary hearing, the district court concluded Wilson was not entitled to post-conviction relief on his ineffective assistance of counsel claim because the proposed motion to suppress on which the claim was based would have been denied. In support of this conclusion, the district court found that the two drug transactions Wilson was charged with aiding and abetting were actually controlled drug buys during which Wilson and a companion sold methamphetamine to an undercover police officer. After the second controlled buy, an officer assisting with surveillance requested that other officers stop the vehicle Wilson was driving from the location of the controlled buy; the basis for the traffic stop was speeding in a school zone. Another officer stopped Wilson for this traffic offense and identified him from his driver's license. Subsequently, the officer discovered Wilson's license was invalid, the address on his license did not match the one identified in Idaho's Sex Offender Registry, Wilson may have violated his probation by traveling between judicial districts,[2] and Wilson might have violated a no-contact order. Eventually an officer with a drug dog and a "probation/parole" officer responded to the scene. The drug dog alerted to the presence of controlled substances in Wilson's vehicle, and a search of Wilson's person authorized by the probation/parole officer yielded the $600 of prerecorded "buy money" used in the controlled drug buy. Wilson was released after receiving a citation and property receipt for the money. In light of these findings, the district court determined that Wilson's proposed motion to suppress would have been denied because officers "reasonably prolong[ed] the stop" in response to information obtained during the stop "about other laws that [Wilson] might have broken" and, alternatively, because officers already had probable cause to arrest Wilson for aiding and abetting methamphetamine trafficking prior to the stop.

Wilson dedicates much of his opening appellate brief to developing the argument that his trial counsel was ineffective by failing to file a motion to suppress. However, Wilson frames much of the discussion of this issue in a manner resembling an original claim for relief to be adjudicated in the first instance by a trial court. Wilson neither identifies the applicable standard of review nor articulates a specific legal or evidentiary error by the district court. At best, this portion of Wilson's appellate brief constitutes a general attack on the conclusions supporting the district

---

[2] Wilson was being supervised in Idaho's Fourth Judicial District, but the traffic stop occurred in the Third Judicial District.

4

court's denial of Wilson's petition. Appellate courts will not consider such general challenges to a trial court's findings and conclusions. *See PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018).

In addition to the general challenge described above, Wilson also argues that the district court "relied upon false information" and "evidence that was gained as part of the traffic stop" to deny his petition. Regarding the former assertion, Wilson contends that the district court erroneously found that he and his passenger sold drugs to an undercover officer and that other officers discovered $600 of prerecorded drug money on Wilson's person. However, beyond the vague, conclusory assertion that the district court "relied" upon these allegedly erroneous factual findings, Wilson does not articulate a cogent argument for how the findings give rise to reversible error. Similarly, Wilson does not describe the "evidence gained as part of the stop" or how it was allegedly used to improperly deny his petition. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, Wilson has waived consideration of whether the district court relied upon false information or evidence gained during the traffic stop.

In sum, the district court determined that Wilson's proposed motion to suppress would have been denied because the traffic stop it would have challenged was supported by both reasonable suspicion of multiple offenses and probable cause that Wilson had aided and abetted methamphetamine trafficking. Wilson has not shown that the district court erred in reaching either conclusion. Accordingly, Wilson has failed to show error in the denial of his petition for post-conviction relief.

## IV.

## CONCLUSION

Wilson has presented only general challenges to the district court's findings and conclusions or assertions unsupported by cogent arguments or relevant legal authority. These challenges are therefore waived. Wilson has otherwise failed to show error in the district court's denial of post-conviction relief. Accordingly, the district court's judgment denying Wilson's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

5