# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38604-2011

LESLIE JENSEN EDWARDS, )
) Coeur d'Alene, April 2013 Term
    Plaintiff-Appellant, )
) 2013 Opinion No. 53
v. )
) Filed: April 25, 2013
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., a ) Stephen W. Kenyon, Clerk
foreign corporation; QUALITY LOAN )
SERVICES CORPORATION OF )
WASHINGTON, a foreign corporation; and )
PIONEER LENDER TRUSTEE SERVICES, )
LLC, an Idaho limited liability company, )
)
    Defendants-Respondents. )
)
)

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. Lansing L. Haynes, District Judge.

The judgment of the district court is <u>affirmed</u>.

Wesley W. Hoyt, Clearwater, Idaho, argued for appellant.

Brent R. Lindahl, Fulbright & Jaworski LLP, Minneapolis, Minnesota, argued for respondent Mortgage Electronic Registration Systems, Inc.

Melisa Robbins Coutts, McCarthy & Holthus LLP, San Diego, California, argued for respondents Quality Loan Services Corporation of Washington and Pioneer Lender Trustee Services LLC.

---

EISMANN, Justice.

This is an action brought by the grantor of a deed of trust to stop nonjudicial foreclosure proceedings based upon the contention that MERS, which was the named beneficiary as nominee for the lender, cannot legally act as the beneficiary. The defendants moved to dismiss this action on the ground that the complaint did not state a claim upon which relief could be granted. The

district court agreed and entered judgment in favor of the defendants. We affirm the judgment of the district court.

## I.
## Factual Background.

On October 24, 2003, Leslie Jensen-Edwards (Plaintiff) executed a deed of trust conveying her residence to Alliance Title & Escrow Corporation (Alliance Title) in trust to secure payment of a promissory note that Plaintiff issued to American Gold Mortgage Corporation, as lender. The named beneficiary in the deed of trust was Mortgage Electronic Registration Systems, Inc. (MERS), as nominee of the lender.

On May 18, 2005, Plaintiff refinanced the debt secured by her residence. In doing so, she executed a deed of trust conveying her residence to Alliance Title in trust to secure the payment of a promissory note she signed in the sum of $345,000 which was payable to Lehman Brothers Bank, FSB (Lehman Brothers). The deed of trust stated that Lehman Brothers was the lender; that MERS, as nominee for the lender, was the beneficiary; and that Alliance Title was the trustee.[1]

On November 30, 2009, MERS, as nominee of Lehman Brothers, signed a document stating that the original trustee had ceased acting as trustee and appointing Pioneer Lender Trustee Services, LLC (Pioneer), as trustee in the place of Alliance Title. The substitution was recorded on December 3, 2009, at the request of Quality Loan Service Corp. of Washington (Quality Loan), as attorney in fact for Pioneer.

On December 3, 2009, Quality Loan, as attorney in fact for Pioneer, recorded a notice of default and election to sell under the deed of trust. The notice stated that Plaintiff had failed to make the payment due on August 1, 2009, and all subsequent payments, and that she had failed to pay other sums due under the terms of the deed of trust. The notice also stated that the beneficiary under the deed of trust had given the trustee a written declaration of default and demand for sale, had declared all sums secured by the deed of trust as immediately due and payable, and had deposited with the trustee all documents evidencing obligations secured by the deed of trust. On December 7, 2009, Quality Loan, as attorney in fact for Pioneer, issued a

---

[1] On April 27, 2009, Lehman Brothers changed its name to Aurora Bank, FSB, but it will be called Lehman Brothers herein because none of the documents refer to Aurora Bank.

written notice that it would foreclose the deed of trust by a trustee's sale to be held on April 8, 2010.

On April 1, 2010, Plaintiff, who was representing herself, filed this action seeking to stop the foreclosure sale. The original defendants named in this lawsuit were Lehman Brothers, MERS, Quality Loan, Pioneer, and Aurora Loan Services. On April 27, 2010, the defendants filed a motion to dismiss the complaint for insufficiency of service of process and for failure to state a claim upon which relief can be granted. The following day, counsel appeared in the action to represent Plaintiff. Pursuant to the stipulation of the parties, on May 5, 2010, the district court entered an order staying the foreclosure sale until further order of the court.

On June 10, 2010, Plaintiff filed an amended complaint naming as defendants MERS, Quality Loan, and Pioneer. She contended that Defendants had no legal standing, that they had no interest in the note or deed of trust, and that MERS could not legally be the beneficiary of the deed of trust. On July 6, 2010, Defendants moved to dismiss the amended complaint on the ground that it failed to state a claim upon which relief could be granted and that Plaintiff failed to join an indispensable party. In support of their motion, they filed a request asking the court to take judicial notice of various public records.

Defendants scheduled the hearing on their motion for July 29, 2010. On July 20, 2010, Plaintiff filed a motion to continue the hearing on the grounds that the applicable rules required that the motion be served at least twenty-eight days before the hearing and that Plaintiff needed time in which to conduct discovery.[2] The district court rescheduled the hearing to August 20, 2010.

On August 13, 2010, Plaintiff again moved to reschedule the hearing on the ground that she was entitled to complete discovery before having to respond to the motion to dismiss. The court granted the motion and rescheduled the hearing to September 30, 2010. The parties argued the motion on that date, and the court took the motion to dismiss under advisement.

On November 16, 2010, the court entered a decision and order granting Defendants' motion. Plaintiff filed a motion for reconsideration, which the court denied without a hearing.

---

[2] In support of their motion to dismiss for failure to state a claim upon which relief can be granted, Defendants asked the district court to take judicial notice of various documents. Pursuant to Rule 12(b) of the Idaho Rules of Civil Procedure, such a motion is to be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the trial court. A motion for summary judgment must be served at least twenty-eight days before the hearing. I.R.C.P. 56(c).

On January 28, 2011, the court entered judgment dismissing the amended complaint with prejudice and vacating the order staying the foreclosure sale. Plaintiff then timely appealed. After the notice of appeal was filed, Plaintiff's counsel was permitted to withdraw, and Plaintiff has represented herself on the appeal, however she retained counsel for oral argument.

## II.
## Is this Case Moot?

At oral argument, Plaintiff contended that this case should be dismissed as moot. After the district court issued its decision on November 16, 2010, the trustee proceeded with the foreclosure sale, and the property was sold on January 21, 2011, three days before the judgment was signed in this action.[3] The order staying the foreclosure was not lifted until the judgment was signed. A separate action was then commenced to have Plaintiff removed from the property, which she contested. The beneficiary decided to rescind the sale, and a notice of the rescission of the trustee's deed was recorded on August 23, 2011, for the purpose of "return[ing] the priority and existence of all title and lienholders to the status quo ante as existed prior to the Trustee's Sale." Plaintiff contends that the rescission of the trustee's deed renders this case moot.

"An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist*., 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). The issue of mootness can be raised at any time, including for the first time on appeal. *McLean v. Cheyovich Family Trust*, 153 Idaho 425, ___, 283 P.3d 742, 748 (2012). "Mootness . . . applies when a favorable judicial decision would not result in any relief. This Court may only review cases in which a judicial determination will have a practical effect on the outcome." *Fenn v. Noah*, 142 Idaho 775, 779, 133 P.3d 1240, 1244 (2006).

According to counsel for MERS, it decided to delay foreclosure until the outcome of this appeal, and it will have the trustee proceed with the foreclosure if the judgment of the district court is upheld. Prior to the oral argument, Plaintiff moved "to dismiss [this] appeal without prejudice so she can re-file if foreclosure proceedings are attempted again." During oral argument, her counsel argued that MERS was improperly named as beneficiary and that the

---

[3] The judgment was issued by the District Judge on January 24, 2011 and entered by the court on January 28, 2011.

foreclosure proceedings instituted at its request do not comply with Idaho law. Plaintiff is still in possession of the property, she is still in default, MERS still wants to foreclose, and Plaintiff still contends that it is not entitled to do so under Idaho law. It is obvious that this case is not moot. The Plaintiff not wanting a decision on the merits of her appeal does not render this case moot.

### III.
### Did the District Court Err in Failing to Give Plaintiff
### Adequate Time to Conduct Discovery?

Plaintiff contends that she was not given adequate time within which to conduct discovery prior to the hearing on Defendants' motion to dismiss. Defendants filed their motion on July 6, 2010, and it was originally scheduled for hearing on July 29, 2010. At Plaintiff's request, the hearing on the motion was continued to August 20, 2010, and then, in order for Plaintiff to conduct discovery, it was continued to September 30, 2010.

Plaintiff did not request another continuance. At the beginning of the hearing on September 30, 2010, the court asked Plaintiff's counsel if she was ready for the hearing, and she answered, "I believe so, Your Honor." After Defendants' counsel argued in support of the motion, Plaintiff's counsel argued in opposition. During her argument, she stated that she had not received all of the "things" requested in discovery and would be filing a motion to compel before the court issued its ruling, but there is nothing in the record on appeal showing that she filed either a motion to compel discovery or a motion for another continuance. Where Plaintiff did not request a continuance of the hearing, the district court did not err in failing to grant one.

### IV.
### Did the District Court Err in Holding that Defendants Had Standing
### or Authority to Foreclose the Deed of Trust?

In opposition to the motion to dismiss, Plaintiff contended that none of the Defendants have standing to foreclose the deed of trust. On appeal, she contends that the district court erred in failing to address that issue. Although standing is required to invoke the jurisdiction of a court, it is not a requirement for the nonjudicial foreclosure of a deed of trust. *Trotter v. Bank of New York Mellon*, 152 Idaho 842, 846, 275 P.3d 857, 861 (2012). Thus, Plaintiff is not entitled to restrain the foreclosure sale based upon MERS's alleged lack of standing.

5

She also contends that merely listing MERS as beneficiary in the deed of trust did not give MERS the authority to take actions as a beneficiary, including appointing Pioneer as successor trustee, declaring a default, and demanding that the deed of trust be foreclosed and the real property sold. According to Plaintiff, MERS cannot be the beneficiary unless it has an interest in the note that is secured by the deed of trust. In support of her argument, Plaintiff relies upon cases from other jurisdictions. We need not address those cases because the issue must be decided based upon Idaho law. The deed of trust states, "This security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."

Under the act governing deeds of trust, I.C. §§ 45-1502 to 45-1515, a deed of trust means "a deed executed in conformity with [the] act and conveying real property to a trustee in trust to secure the performance of *an obligation of the grantor . . . to a beneficiary*." I.C. § 45-1502(3) (emphasis added). A beneficiary of a deed of trust is "the person named or otherwise designated in a trust deed *as the person for whose benefit a trust deed is given*, or his successor in interest, and who shall not be the trustee." I.C. § 45-1502(1) (emphasis added). Thus, the deed of trust must have been given to secure an obligation to the beneficiary and for the benefit of the beneficiary.

MERS does not contend that the deed of trust was granted to secure an obligation to it. However, it argues that "benefit" is a very broad and malleable word and that it received a benefit from the deed of trust "even though MERS did not lend the money and ultimately does not have the right to receive repayment." It asserts that its benefit included the delegated authority to take all necessary actions for the lender and the exclusive authority to direct the trustee to foreclose.

The deed of trust was not given for the benefit of MERS or to secure an obligation owing to MERS. It was given for the benefit of Lehman Brothers to secure the obligation owing to it. Although MERS may obtain a benefit based upon its relationship with Lehman Brothers, the deed of trust was not granted in order to provide MERS with that benefit. However, that does not resolve the issue.

The definitions section of the deed of trust stated: "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." Thus, MERS, as beneficiary, was acting solely as the nominee of the lender and its successors and assigns. A nominee is "[a] person designated to

6

act in place of another, usu. in a very limited way." Black's Law Dictionary 1072 (7th ed. 1999). "[A]n agent is a person authorized to act for or in the place of the principal." *Knutsen v. Cloud*, 142 Idaho 148, 151, 124 P.3d 1024, 1027 (2005). As the definitions indicate, a nominee is merely a form of agent.

"Any person who is sui juris and has capacity to affect his or her legal relationships by giving consent to a delegable act or transaction may authorize an agent to act for him or her with the same effect as if such person were to act in person." 3 Am. Jur. 2d *Agency* § 9 (2002). The lender, Lehman Brothers, had the authority to designate an agent to act in its behalf, and the actions of its agent, MERS, were the actions of Lehman Brothers. "An agent can bind his principal by acts within the scope of his apparent authority." *Clements v. Jungert*, 90 Idaho 143, 151, 408 P.2d 810, 814 (1965). Designating MERS as the beneficiary in its representative capacity as nominee of Lehman Brothers and its successors and assigns was legally no different from designating Lehman Brothers and its successors and assigns as the beneficiary. "Pursuant to the grant of authority by the principal, the agent is the representative of the principal and acts for, in the place of, and instead of, the principal." 3 Am. Jur. 2d *Agency* § 1 (2002). Therefore, having MERS the named beneficiary as nominee for the lender conforms to the requirements of a deed of trust under Idaho law.

One of the requirements for foreclosure is that either the trustee or the beneficiary must record a notice of default. I.C. § 45-1505(3). The deed of trust stated:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclosure and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument.

In this case, the trustee, by its attorney in fact Quality Loan, recorded the notice of default. MERS, as agent for the lender, had the authority to direct that such action be taken. "It is a general principle of the law of agency, that the principals are bound by the acts of their agents which fall within the apparent scope of the authority of the agents . . . ." *White v. Doney*, 82 Idaho 217, 222, 351 P.2d 380, 383 (1960). Thus, under the law, any instructions by MERS that the trustee proceed with foreclosing the deed of trust constituted the actions of the lender.

7

The trustee, not the beneficiary, is the one who forecloses the deed of trust. I.C. § 45-1505. The beneficiary has the authority to appoint a successor trustee, I.C. § 45-1504(2), and MERS, as nominee of the lender, had the authority to appoint Pioneer as successor trustee. Therefore, Pioneer had the authority to institute foreclosure proceedings.

Plaintiff also points to the language in the notice of default stating that the deed of trust was "to secure certain obligations in the amount of $345,000, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, as Beneficiary." She argues that the statement that the $345,000 obligation was "in favor of" MERS is not true because she does not owe any obligation to MERS. In support of that statement, she points to the argument of its counsel during the hearing on the motion to dismiss when he stated: "MERS does not claim that they own the loan. There is no evidence that MERS does make this claim. And we specifically deny that." However, the challenged statement is not material.

Idaho Code section 45-1505(3) requires that the recorded notice of default must: (a) state the name(s) of the trustor(s); (b) state the book and page where the deed of trust is recorded or give the description of the property; (c) contain a statement that there was a breach of the obligation secured by the deed of trust and set forth the nature of that breach; and (d) state the election to sell or cause the property to be sold to satisfy such obligation. Plaintiff does not contend that the notice of default was deficient in stating her name, the recording information, the legal description of the property, or the election to have the property sold.

With respect to the statement regarding the breach of the obligation secured by the deed of trust and the nature of such breach, the notice stated:

> There is a default by the Grantor or other person owing an obligation, the performance of which is secured by said Trust Deed, or their successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision, to wit:
> Promissory Note Breach: FAILURE TO MAKE THE 8/1/2009 PAYMENT OF PRINCIPAL AND INTEREST AND ALL, SUBSEQUENT PAYMENTS, TOGETHER WITH LATE CHARGES, IMPOUNDS, TAXES, ADVANCES AND ASSESSMENTS.

The statement to which Plaintiff objects was in the part of the notice of default that identified the deed of trust. She does not contend that she was unable to determine to which deed of trust the notice of default applied. In her amended complaint, Plaintiff alleged that "[o]n

or about May 18, 2005, Plaintiff executed a Note and Deed of Trust (hereafter the 'mortgage loan' unless otherwise identified) in favor of non-party Lehman Brothers Bank FSB, a New York banking corporation." She also alleged that "[o]n or about December 3, 2009, Defendant QLS [Quality Loan] caused to be recorded in the public records of Kootenai County, Idaho a 'Notice of Election to Sell Under Deed of Trust' . . . whereby Defendant PLTS [Pioneer] took the position that it was electing to sell the Property." In specifying the property at issue, she stated, "The residential real property the subject of this action is located at 17287 West Summerfield Road, Post Falls, Idaho 83854 and which is legally described as set forth on Exhibit 'A' to Exhibits 3 and 4 hereto (hereafter the 'Property'), which Property is the Plaintiff's primary residence." Exhibit 3 to the amended complaint was the notice of default, and Exhibit 4 was the notice of trustee's sale. There is nothing to indicate that Plaintiff did not know the identity of the deed of trust at issue.

The deed of trust stated that the word "Note" meant "the promissory note signed by Borrower and dated May 18, 2005." The deed of trust then recited that the "Note states that Borrower owes Lender THREE HUNDRED FORTY FIVE THOUSAND & 00/100 Dollars (U.S. $345,000.00) plus interest." "Borrower" was defined as "LESLIE J EDWARDS" and "Lender" was defined as "LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK." Thus, there is simply nothing to indicate that the error in stating that the deed of trust was to secure an obligation in favor of MERS misled the Plaintiff as to the obligation breached or the nature of that breach. She admitted in discovery that she had not made any monthly payments on the promissory note to any party since July of 2009.

The district court did not err in holding that MERS had the authority to direct that the deed of trust be foreclosed and that Pioneer had the authority to institute foreclosure proceedings.

## V.
### Were there Genuine Issues of Material Fact
### that Precluded the Granting of Summary Judgment?

Summary judgment is appropriate only if the evidence in the record and any admissions show that there is no genuine issue of any material fact regarding the issues raised in the pleadings and that the moving party is entitled to judgment as a matter of law. *Infanger v. City of Salmon*, 137 Idaho 45, 47, 44 P.3d 1100, 1102 (2002). In response to a motion for summary

9

judgment, the nonmoving party cannot rest upon the mere allegations or denials in that party's pleadings, but must produce admissible facts showing that there is a genuine issue for trial. *Wait v. Leavell Cattle, Inc.*, 136 Idaho 792, 798, 41 P.3d 220, 226 (2001). "[T]he nonmoving party cannot rely on mere speculation, and a scintilla of evidence is insufficient to create a genuine issue of material fact." *Bollinger v. Fall River Rural Elec. Co-op, Inc.*, 152 Idaho 632, 637, 272 P.3d 1263, 1268 (2012).

Plaintiff contends that there are genuine issues of material fact, which she lists as follows:

1) Who currently owns the original note?
2) Has ownership of the note been severed from ownership of the mortgage?
3) Does MERS or any defendant have any ownership interest in the note?
4) If neither MERS nor any defendant have no ownership interest in the original note, can standing to foreclose exist?
5) Were the documents signed by a robo-signer (declarant for hire), Tara Donzella?
6) Was the notarization process fraudulent?
7) Was the chain of title properly established sufficient to identify the owner of the note and actual beneficiary of the Deed of Trust?
8) Did MERS deliberately purport to allege compliance with the Idaho Foreclosure statute without actually complying with traditional concepts of property law and rely instead on fabricated labels?

This is an action filed by the Plaintiff to stop the nonjudicial foreclosure sale of her residence. She had the burden of proving a legal ground to do so. Under the act governing deeds of trust, "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note or demonstrating that the deed of trust beneficiary has requested or authorized the trustee to initiate those proceedings." *Trotter*, 152 Idaho at 847, 275 P.3d at 862. If Plaintiff contends that ownership of the note and deed of trust had been severed, that documents may have been improperly signed, or that the notarization process was fraudulent, she should have put into the record admissible evidence supporting such assertions. She did not. In her argument, she simply recites the allegations in her amended complaint, but allegations in a pleading are not sufficient to create a genuine issue of material fact.

The only argument Plaintiff makes on appeal regarding lack of compliance with Idaho law is her assertion that the deed of trust makes MERS both the beneficiary and the trustee in violation of Idaho Code section 45-1502(1). The deed of trust clearly stated that "Borrower

irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described real property," and it defined "Trustee" as "ALLIANCE TITLE AND ESCROW." It does not purport to grant the real property to MERS. Plaintiff relies upon the statement in the deed of trust that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument." In making that argument, she takes a portion of a sentence out of context and misreads the language upon which she relies. The entire sentence stated:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclosure and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument.

The language upon which Plaintiff relies stated that MERS "holds only legal title to the *interests* granted by Borrower" (emphasis added), not that MERS holds legal title to the real property granted by Borrower. In context it referred to the interests granted by Borrower to Lender, not to the trustee. Plaintiff has not shown that there is any genuine issue of material fact that would preclude the granting of summary judgment.

## VI.
### Did the District Court Err in Failing to Strike the Affidavit of Defendants' Counsel?

On August 13, 2010, Plaintiff filed a motion to strike the affidavit of Holger Uhl, Defendants' counsel, "and any and all attachments thereto." Her motion stated that it was made "pursuant to I.R.C.P. 12(f) and I.R.E. 602, 802 and 803." The district court denied the motion, holding that: (a) Rule 12(f) was inapplicable because it applied to striking matters from pleadings and an affidavit is not a pleading; (b) while Rule 602 requires a witness to have personal knowledge of a matter in order to testify about it, Mr. Uhl stated in his affidavit that he had personal knowledge of the statements contained therein; and (c) although Rule 802 states that hearsay is not admissible, the documents were admissible under the exceptions set forth in subsections (6), (8), (14) and (15) of Rule 803.

Plaintiff contends that the district court erred in holding that the documents attached to Mr. Uhl's affidavit were admissible. Idaho Appellate Rule 17(e)(i) requires that the notice of

appeal designate the documents to be included in the clerk's record in addition to those automatically included pursuant to Rule 28. The documents automatically included under Rule 28 do not include any affidavits filed in the action, and Plaintiff did not designate Mr. Uhl's affidavit as an additional document to be included in the record. Likewise, she did not seek to augment the record with that affidavit pursuant to Idaho Appellate Rule 30, although she did augment the record with the affidavit of her expert. Thus, neither the affidavit of Mr. Uhl nor the documents attached to it are part of the record on appeal.

"We do not presume error on appeal; the party alleging error has the burden of showing it in the record." *Miller v. Callear*, 140 Idaho 213, 218, 91 P.3d 1117, 1122 (2004). Plaintiff has failed to present a record sufficient to review this assignment of error. "[U]nless the appellant affirmatively demonstrates error from the record, this Court presumes that the trial court's decision was proper." *Poole v. Davis*, 153 Idaho 604, ___, 288 P.3d 821, 825 (2012).

## VII.
### Is Either Plaintiff or MERS Entitled to an Award of Attorney Fees on Appeal?

Plaintiff seeks an award of attorney fees on appeal pursuant to Idaho Code section 12-121 if she retains an attorney for oral argument. She retained Mr. Hoyt to represent her at oral argument. Section 12-121 only authorizes the awarding of attorney fees to the prevailing party on appeal. *Kelley v. Yadon*, 150 Idaho 334, 338, 247 P.3d 199, 203 (2011). Because Plaintiff is not the prevailing party on appeal, she does not qualify for an award of attorney fees under that statute.

In responding to Plaintiff's request for an award of attorney fees on appeal, MERS states, "Contrary to Edwards' [sic] assertions, MERS, not Edwards, are entitled to their fees and costs under I.A.R. 40 and 41." Although MERS is a prevailing party on appeal, it is not entitled to an award of attorney fees. As we stated in *Gilman v. Davis*, 138 Idaho 599, 67 P.3d 78 (2003): "Idaho Appellate Rule 40 provides for the awarding of costs on appeal, and Rule 41 specifies the procedure for requesting an award of attorney fees on appeal. Neither rule provides the authority for awarding attorney fees." *Id*. at 603, 67 P.3d at 82.

**VIII.**
**Conclusion.**

We affirm the judgment of the district court.  We award respondents costs on appeal.


Chief Justice BURDICK, and Justices J. JONES, W. JONES and HORTON **CONCUR.**