**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURIE HOBSON, | No. 12-35198 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00196-BLW |
| v. | |
| WELLS FARGO BANK, NA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Laurie Hobson appeals pro se from the district court's summary judgment in

her action arising from foreclosure proceedings.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226,

1229 (9th Cir. 2003).  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment in Hobson's quiet title action because Hobson failed to raise a genuine dispute of material fact as to whether the loan had been repaid. *See Trusty v. Ray*, 73 Idaho 232, 236 (1952) ("A mortgagor cannot without paying his debt quiet title as against the mortgagee." (citation and internal quotation marks omitted)).

Hobson does not have standing to challenge defendant Wells Fargo Bank, NA's assignment of the property after the foreclosure sale because she no longer had an interest in the property. *See Spencer v. Jameson*, 211 P.3d 106, 113 (Idaho 2009) (stating that, except for limited circumstances not relevant here, a foreclosure "sale is final once the trustee accepts the bid as payment in full"); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (requirements to establish standing).

Hobson's contentions regarding the legal authority of defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), which was the named beneficiary as nominee for the lender in the deed of trust, to assign the deed of trust to Wells Fargo, are unpersuasive, as they were recently rejected by the Idaho Supreme Court. *See Edwards v. Mortg. Elec. Registration Sys., Inc.*, 300 P.3d 43, 49 (Idaho 2013) ("[H]aving MERS the named beneficiary as nominee for the lender conforms to the requirements of a deed of trust under Idaho law.").

**AFFIRMED.**

12-35198