**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STERLING J. MORTENSEN; MAUREEN MORTENSEN,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>COUNTRYWIDE BANK, FSB; et al.,<br><br>Defendants-Appellees. | No. 13-35286<br><br>D.C. No. 1:10-cv-00298-EJL-LMB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Sterling J. Mortensen and Maureen Mortensen appeal pro se from the district

court's judgment dismissing their action alleging federal and state law claims

related to the foreclosure of their property.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We affirm.

The district court properly dismissed the Mortensens' claim for damages under the Truth in Lending Act ("TILA") because it is barred by the statute of limitations and the Mortensens failed to plead facts demonstrating that equitable tolling should apply.  *See* 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation).

The district court properly dismissed Mortensens' claim for rescission under TILA because the Mortensens have not alleged that they intend to or are able to tender the amount loaned.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003) (stating that recission should be conditioned on repayment of the amounts advanced by the lender).

The district court properly dismissed the Mortensens' Real Estate Settlement Procedures Act claim because the Mortensens did not allege facts sufficient to show that their inquiries required a response under the Act.  *See* 12 U.S.C.

§ 2605(e) (identifying service related inquires that require a loan servicer to respond).

The district court properly dismissed the Mortensens' claims predicated on the alleged improper use of Mortgage Electronic Registration Systems, Inc. ("MERS") on the deed of trust because those claims are foreclosed by state law. *See Edwards v. Mortg. Elec. Registration Sys., Inc.*, 300 P.3d 43, 49 (Idaho 2013) ("[H]aving MERS the named beneficiary as nominee for the lender conforms to the requirements of a deed of trust under Idaho law."); *see also Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015) ("When interpreting state law, we are bound to follow the decisions of the state's highest court . . ." (internal quotation marks omitted)).

The district court properly dismissed the Mortensens' claim for breach of fiduciary duties against Countrywide Bank, FSB because mortgage lenders generally do not owe borrowers a fiduciary duty, and the Mortensens failed to allege facts sufficient to show that their relationship with Countrywide Bank, FSB differed from that of a lender-borrower. *See Black Canyon Racquetball Club, Inc. V. Idaho First Nat'l Bank, N.A.*, 804 P.2d 900, 905 (Idaho 1991) ("[T]he relationship in a lender-borrower situation is a debtor-creditor relationship, and not a fiduciary relationship.")

To the extent the Mortensens' claims are predicated on "robo-signing" allegations, the district court properly dismissed those claims because the Mortensens failed to allege sufficient facts to state a plausible claim for relief. *See Hebbe*, 627 F.3d at 341-42.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Mortensens' motion to augment the record filed on August 12, 2013 is granted.

The Mortensens' motion to take judicial notice filed September 5, 2013 is denied as unnecessary.

**AFFIRMED.**