**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STERLING J. MORTENSEN, | No. 12-35915 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-00234-EJL-REB |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Sterling J. Mortensen appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims related to the foreclosure

of his real property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Mortensen's claim for damages under the Truth in Lending Act ("TILA") because it is barred by the statute of limitations and Mortensen failed to plead facts demonstrating equitable tolling should apply. *See* 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation).

The district court properly dismissed Mortensen's Real Estate Settlement Procedures Act claim because Mortensen did not allege facts sufficient to show that his inquiries required a response under the Act. *See* 12 U.S.C. § 2605(e) (identifying service related inquires that require a loan servicer to respond).

The district court properly dismissed Mortensen's claims predicated on the alleged improper use of Mortgage Electronic Registration Systems, Inc. ("MERS") because those claims are foreclosed by state law. *See Edwards v. Mortg. Elec. Registration Sys., Inc.*, 300 P.3d 43, 49 (Idaho 2013) ("[H]aving MERS the named beneficiary as nominee for the lender conforms to the requirements of a deed of trust under Idaho law."); *see also Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015) ("When interpreting state law, we are bound to follow the decisions of the state's highest court . . ." (internal quotation marks omitted)).

12-35915

The district court properly dismissed Mortensen's claim for breach of fiduciary duties against Silver State Mortgage because mortgage lenders generally do not owe borrowers a fiduciary duty, and Mortensen failed to allege facts sufficient to show that his relationship with Silver State differed from that of a lender-borrower. *See Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 804 P.2d 900, 905 (Idaho 1991) ("[T]he relationship in a lender-borrower situation is a debtor-creditor relationship, and not a fiduciary relationship.").

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

12-35915