NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD WILLIAM BREINHOLT; SUSAN LYN BREINHOLT, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> POPULAR WAREHOUSE LENDER; et al., <br><br> Defendants-Appellees. | No. 13-35220 <br><br> D.C. No. 1:10-cv-00587-EJL-LMB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Richard William Breinholt and Susan Lyn Breinholt appeal pro se from the

district court's judgment dismissing their action alleging federal and state law

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

foreclosure-related claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011).  We may affirm on any ground supported by the record.  *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm.

The district court properly dismissed the Breinholts' claims against defendant OneWest Bank, FSB, as barred by the doctrine of res judicata because Breinholts' claims were raised, or could have been raised, in a prior state court action between the parties that resulted in a final judgment on the merits.  *See Pocatello Hosp., LLC v. Quail Ridge Med. Investor, LLC*, 339 P.3d 1136, 1142 (Idaho 2014) (stating elements of res judicata under Idaho law and holding that res judicata bars litigation of claims that were, or could have been, raised in the prior action); *see also Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts must apply state law regarding res judicata to state court judgments).

The district court properly dismissed the Breinholts' claims against TitleOne Corporation because the Breinholts failed to allege facts sufficient to state any plausible claim for relief.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must

13-35220

present factual allegations sufficient to state a plausible claim for relief).

Dismissal of the Breinholts' claims against Mortgage Electronic Registration Systems, Inc. ("MERS") was proper because the Breinholts failed to allege facts sufficient to state any plausible claim for relief. *See id.*; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may sua sponte dismiss for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief" (alteration, citation and internal quotation marks omitted)); *see also Cervantes*, 656 F.3d at 1038-44 (explaining the recording system and rejecting challenges to its validity); *Edwards v. Mortg. Elec. Registration Sys., Inc.*, 300 P.3d 43, 49 (Idaho 2013) ("[H]aving MERS the named beneficiary as nominee for the lender conforms to the requirements of a deed of trust under Idaho law.").

The district court did not abuse its discretion by denying the Breinholts' motion for relief under Federal Rule of Civil Procedure 60(b) because the Breinholts failed to demonstrate any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 60(b)).

The district court did not abuse its discretion by awarding attorney's fees to Transnation Title & Escrow, Inc. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097,

13-35220

1102 (9th Cir. 2003) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Breinholts' motion to remand the case, filed on October 4, 2013, is denied.

**AFFIRMED.**