**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD WILLIAM BREINHOLT;
SUSAN LYN BREINHOLT,

No. 12-35667

Plaintiffs-Appellants,

D.C. No. 1:10-cv-00466-EJL

v.

MEMORANDUM[*]

AEGIS WHOLESALE CORPORATION;
et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Richard William Breinholt and Susan Lyn Breinholt appeal pro se from the

district court's judgment dismissing their action alleging federal and state law

foreclosure-related claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011). We affirm.

The district court properly dismissed the Breinholts' claims against Aegis Wholesale Corporation, OneWest Bank, FSB, Tri-County Process Serving LLC ("Tri-County"), Regional Trustee Services Corporation, and Pioneer Lender Trustee Services, LLC, as barred by the doctrine of res judicata because the Breinholts' claims were raised, or could have been raised, in a prior state court action between the parties or their privies that resulted in a final judgment on the merits. *See Pocatello Hosp., LLC v. Quail Ridge Med. Investor, LLC*, 339 P.3d 1136, 1142 (Idaho 2014) (stating elements of res judicata under Idaho law and holding that res judicata bars litigation of claims that were, or could have been, raised in the prior action); *Kawai Farms, Inc. v. Longstreet*, 826 P.2d 1322, 1325-26 (Idaho 1992) (under Idaho law, a voluntary dismissal with prejudice constitutes a final judgment for purposes of res judicata); *see also Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts must apply state law regarding res judicata to state court judgments).

The district court properly dismissed the Breinholts' claims against

2

Mortgage Electronic Registration Systems, Inc. ("MERS"), TitleOne Corporation, Jennifer Tait, and Robinson Tait, P.S., because the Breinholts failed to allege facts sufficient to state any plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Cervantes*, 656 F.3d at 1038-44 (explaining the recording system and rejecting challenges to its validity); *Edwards v. Mortg. Elec. Registration Sys., Inc.*, 300 P.3d 43, 49 (Idaho 2013) ("[H]aving MERS the named beneficiary as nominee for the lender conforms to the requirements of a deed of trust under Idaho law.").

The district court did not abuse its discretion by denying the Breinholts' motion for relief under Federal Rule of Civil Procedure 60(b) because the Breinholts failed to demonstrate any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 60(b)); *see also Trotter v. Bank of N.Y. Mellon*, 275 P.3d 857, 863 (Idaho 2012) (under Idaho law, "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying

12-35667

note").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Tri-County's request for attorney's fees, set forth in its answering brief, is denied.

**AFFIRMED.**